STATE, EX REL ATTORNEY GENERAL *v.* LITTLE ROCK-
HIGHLAND PAVING DISTRICT No. 24.

4-5595 133 S. W. 2d 878

Opinion delivered December 4, 1939.

*Jack Holt,* Attorney General, *Leffel Gentry,* Asst.
Atty. General, and *Louis Tarlowski,* for appellant.

*L. P. Biggs,* for appellee.

McHANEY, J. Appellee district was organized and
created by order of the county court of Pulaski county

under the authority of act 126 of 1923, p. 84, which was amendatory to act 660 of 1921, entitled, ''An Act to provide for the formation of Improvement Districts adjacent to cities having a population exceeding ten thousand inhabitants.'' Section 4 of said act 126 provides that ''Such districts may be organized for the purpose of grading, draining, paving, curbing or guttering of streets and highways'' and for many other enumerated purposes. It lies adjacent to the city of Little Rock, to the west, but is wholly outside said city. Acting under the authority conferred, appellee constructed a street or highway from the south side of Fair Park to a connection with U. S. highways 67 and 70. To enable it to do this work, it assessed benefits against the adjacent property and pledged same to secure bonds in the sum of $233,000 which were issued and sold bearing date of February 1, 1927. Thereafter, the sum of $27,000 of these bonds was paid by the state; the sum of $205,000 was refunded by the state; and one bond of $1,000 was never presented for refunding. The net result was that the state has either paid or will pay all the bonds of this district. A tax on the assessed benefits was levied and collected on the property in the district prior to the time the state began to pay the principal and interest maturities of these bonds, and the district now has on hands of the tax funds so collected about $5,000.

Appellant brought this action against the district and its commissioners to recover the sum now on hand to be used by it to assist in retiring the bonds and interest which have now been refunded as the obligations of the state. Appellees' answer was a general denial of the allegations of the complaint and amendment thereto, and the cause was submitted thereon, together with the testimony of three witnesses, and at the conclusion of the testimony the court entered a decree dismissing the complaint for want of equity and dissolving the temporary restraining order theretofore issued. This appeal is from that decree.

The roadway constructed by appellees is not a part of the state highway system. No part of it has ever been

taken over as such. The state did assume and agree to pay its bonded indebtedness, whether rightfully or wrongfully. In the concluding paragraph of appellant's brief this statement is made: "It is the contention of appellant that the bonds were wrongfully assumed, and though the State may be precluded from establishing this fact by reason of a decree entered in a suit in chancery court filed by the prosecuting attorney against the district and others, from which decree there was no appeal, yet the district should not be permitted to obtain the benefits of the Martineau Act (referring to act 11 of 1927) and still retain the funds which it has on hand." The decree referred to was rendered in 1932, in a suit wherein the state was plaintiff and appellee district and a number of other similar districts were defendants. The issue was whether the appellee and other districts were "such road improvement districts as was contemplated by the provisions of act 11 of 1927, act 65 of 1929 page 264; and other acts amendatory thereof and cumulative thereto whose bonds should be paid by plaintiff." (Quotation from complaint in that case.) The decree as to this appellee district reads as follows: "Wherefore, it is by the court considered, adjudged and decreed that all the bonds of Little Rock-Highland Paving District No. 24 of Pulaski County now outstanding are valid and intended to be and were included in the bonds to be paid by the State of Arkansas pursuant to act No. 11 of the Acts of the General Assembly of Arkansas of 1927, and that they were sold for a *bona fide* consideration and delivered prior to the adoption of said act No. 11 of 1927 under a contract that was not cancelable and in which there was no repurchase agreement, and that plaintiff take nothing on the complaint for the recovery of moneys already paid and that the temporary injunction heretofore issued in this action restraining refunding of the bonds of said district and the further payment thereof by the State Treasurer and Auditor be and is dissolved, and that plaintiff's complaint be dismissed for want of equity. Plaintiff excepts to said decree and prays and is granted an appeal to the Supreme Court of the State of Arkansas."

The findings of fact on which that decree was based were that appellee district "was such a road improvement district as was contemplated by said act and whose bonds should be paid by plaintiff." This decree is *res adjudicata* of the question of whether appellee district is a road improvement district within the meaning of act 11 of 1927 and later acts amendatory or supplemental thereto, and appellant, the state, is bound thereby in this as well as in the former case, as the suit is between the same parties.

Section 3 of act 11 of 1927 reads in part as follows: "The commission shall, as soon as possible ascertain the amount of the outstanding valid bonds issued by road improvement districts in this state, the dates of the maturities thereof, and the annual interest due thereon, and it shall be the duty of the circuit clerk of each county to furnish the commission with such information. The commission shall each year, beginning with the year 1927, allot to each road district in the state now having outstanding bond issues an amount equal to its bonds maturing during the year, together with the interest payable by such districts during the year. . . .

". . .

"All roads of the road districts referred to in this section are hereby taken over by the state, but only such portions of said roads which are now or may hereafter be embraced in the state highway system shall be maintained by the state."

Under this section of said act all roads of all road improvement districts were taken over for the purpose of paying their indebtedness to relieve the adjacent lands of the impossible burdens placed upon them. If they were or became a part of the state highway system, the state undertook to maintain them, but if they were not, then the state did not undertake to maintain them. The question at once arose as to what disposition should be made of funds on hand which had been collected in road improvement districts from taxes on betterments. The legislature, at the same session, enacted act 112 of 1927. Section 1 thereof provided a method of liquidating the

unbonded indebtedness of the districts. Section 2, 3 and 4 relate to funds of such districts whose roads are wholly in the state highway system. Section 5 deals with the funds of such districts whose roads are not wholly included in the state highway system, and provides that the commissioners of such districts, that is, districts a part of whose roads are in the state highway system, and a part out, may, with the approval of the county court or the highway commission, "use the funds and revenues of the district for the repair and maintenance and completion of construction of the roads not included in the state highway system, and for other lawful expenses; and provided further, that in districts in which the mileage of the roads constructed and included in the state highway system, and on which the state has done maintenance work, is more than the mileage of the roads constructed and not so included and previously maintained by the district, one-half the cash on hand on January 1, 1927, . . . shall be used as provided in § 4 of this act . . ." There is no requirement in the statutes that districts whose roads lie wholly without the state system and whose bonds have been taken over shall turn over the funds on hand to the highway commission. The implication from § 5 of act 112 is that they shall not be required to do so.

We do not, therefore, feel that we would be justified in requiring them to do so under the principles of equity, as appellant suggests, as to do so would be contrary to the apparent intention of the Legislature as expressed in said act 112. If the roads of a district are taken over, then the funds on hand shall also be turned over to the state. If a part only of the roads is taken over, then only a part of the funds are taken on a mileage basis. If no part of the district's roads are taken over, then the state takes no part of the funds on hand.

The decree of the trial court is correct, and it is accordingly affirmed.